David R. Jordan, #013891
JORDAN & ROSEBROUGH, P.C.
101 West Aztec, Suite A
P.O. Box 840
Gallup, New Mexico 87305
(505) 722-9121
Fax: (505) 722-9490
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

THOMCITA YAZZIE, Individually and as
Legal Guardian of FERNANDO TAPAHA,
a Minor,

     Plaintiffs,

vs.

JEEHDEEZ'A ACADEMY, INC. aka LOW
MOUNTAIN SCHOOL, BUREAU OF INDIAN
AFFAIRS AND THE UNITED STATES
DEPARTMENT OF THE INTERIOR,

     Defendants.

No.

**COMPLAINT FOR
PERSONAL INJURIES**

Plaintiffs allege:

1. This action arises under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b) and § 2671, et seq. This Court is vested with jurisdiction pursuant to Section 28 U.S.C.A. § 1346(b) of the United States Code.

2. At all relevant times to this Complaint, Plaintiffs resided in the town of Keams Canyon, Navajo County, Arizona, which is within the District of the State of Arizona.

3. Defendant Jeehdeez'a Academy, Inc., aka Low Mountain School, is a Tribal School operated by the Bureau of Indian Affairs in Chinle, Arizona.

4. The events giving rise to this claim occurred in the judicial district of Arizona.

1

5. On September 21, 2006, Plaintiff Fernando Tapaha, a Minor, while in the care of Defendant Jeehdeez'a Academy, Inc. ("Defendant"), was a victim of a sexual assault.

6. Plaintiff Fernando Tapaha was injured, physically and emotionally, while in the care of the Defendant.

7. Plaintiff's mother, Thomcita Yazzie, was not informed by Defendant of the incident. Instead, she was informed by her sister that her son had been a victim of an assault.

8. Plaintiff Thomcita Yazzie later learned that her son was sexually molested by fellow students while in the care of the Defendant.

9. Defendant dropped Plaintiff Fernando Tapaha off at a home without providing any information to the family about what had happened.

10. Subsequently, Plaintiff Thomcita Yazzie received a letter from the Defendant notifying her that her son had been a victim of "student sexual harassment."

11. Defendant has refused to disclose to Plaintiff who was suppose to be supervising the students at the time of the assault.

12. Defendant was negligent in supervising the students and in allowing the assault to occur.

13. As a direct and proximate result of negligence of the Defendant, Plaintiffs have suffered severe emotional trauma and distress and have suffered other physical symptoms of severe trauma as a direct result of the negligence.

14. Plaintiffs hereby demand recovery of damages, in an amount to be proven at trial, plus interest, costs, attorneys' fees and such other relief as the Court deems appropriate.

WHEREFORE, having Plaintiffs plead their complaint and having stated their claim for relief against Defendant, Plaintiffs' demand the following relief:

A. Damages in an amount to be proven at trial;

B.  Emotional damages;

C.  Costs, interest and attorneys' fees; and

D.  Such other relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED this 8th day of June, 2007.

                JORDAN & ROSEBROUGH, P.C.

                _____
                David R. Jordan
                P.O. Box 840
                Gallup, New Mexico 87305
                (505) 722-9121