DANIEL G. KNAUSS
United States Attorney
District of Arizona

JILL L. HIRNEISEN
Assistant U.S. Attorney
AZ State Bar 021822
Two Renaissance Square
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Telephone: (602) 514-7500
Facsimile: (602) 514-7760
E-Mail: jill.hirneisen@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Thomcita Yazzie, et al,<br><br>Plaintiffs,<br><br>v.<br><br>Jeehdeez'a Academy, Inc., aka Low Mountain School, et al,<br><br>Defendants. | CIV-07-8030-PCT-FJM<br><br>**DEFENDANT'S MOTION TO DISMISS** |

Defendant United States of America, improperly named as Jeehdeez'a Academy, Inc., Bureau of Indian Affairs and the United States Department of the Interior, hereby moves to dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1), Fed. R. Civ. P., and pursuant to 28 U.S.C. § 2675(a) for lack of subject matter jurisdiction. This Motion is supported by the following Memorandum of Points and Authorities and the entire Court file on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  PROCEDURAL HISTORY**

This case arises from an alleged sexual assault of a minor child that occurred on September 21, 2006 while the minor was "in the care" of Jeehdeez'a Academy, a tribally controlled school in Chinle, Arizona. Plaintiffs' Complaint at 1:22 to 2:2. The Complaint in this matter, which Plaintiffs' filed with this Court on June 8, 2007, alleges that the "action arises under the Federal Tort Claims Act." Complaint at 1:15-19.

Plaintiffs' Complaint fails to allege that they filed an administrative claim in this matter and exhausted their administrative remedies pursuant to 28 U.S.C. § 2401(b), and Defendant has no record of any such claim being filed.

## II. PLAINTIFFS' COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFFS' CLAIMS.

The plaintiff bears the burden of establishing subject matter jurisdiction, and the court presumes lack of jurisdiction until the plaintiff proves otherwise. *Stock West, Inc. V. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "Wherever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Rule 12(h)(3), Fed. R. Civ. P. Here, the Plaintiffs have not met their burden of establishing subject matter jurisdiction, and the Court must, therefore, dismiss Plaintiffs' Complaint.

Plaintiffs' Complaint alleges that their cause of action "arises under the Federal Tort Claims Act" (FTCA), and accordingly, the United States is the only proper defendant in this matter. *See* 28 U.S.C. §§ 1346(b)(1) and 2671 *et seq.* The United States is immune from suit unless it has consented to be sued, and the terms of that consent define the limits of the court's jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The terms of the waiver of sovereign immunity must be strictly construed and enforced. *Lehman v. Nakshian*, 453 U.S. 156, 160-162 (1981). The statutory prerequisites to filing an FTCA action cannot be waived. *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977).

The FTCA "provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies." *McNeil v. United States*, 508 U.S. 106 (1993)(citing 28 U.S.C. § 2675(a). Claimants are barred from bringing suit in federal district court until their administrative remedies have been exhausted. *Id.* at 1984. Here, Plaintiffs do not allege that they have filed a proper administrative claim or exhausted their remedies, and Defendant has no record of

such claim having been filed and exhausted. Accordingly, Plaintiffs are barred from pursuing their claims in this Court, and their Complaint should be dismissed.

**III.**    **<u>CONCLUSION</u>**

      For the foregoing reasons, Defendant respectfully requests an Order from this Court dismissing Plaintiffs' Complaint for lack of subject matter jurisdiction.

      Respectfully submitted this 21st day of August, 2007.

                                     DANIEL G. KNAUSS
                                     United States Attorney
                                     District of Arizona

                                     s/Jill L. Hirneisen

                                     _____
                                     JILL L. HIRNEISEN
                                     Assistant U.S. Attorney

## CERTIFICATION

I hereby certify that on August 21, 2007, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

David Robert Jordan
Jordan & Rosebrough, PC
101 W. Aztec Ave., Ste. A
Gallup, NM 87305-1744

Robert R. Beltz
Ridenour Hienton Kelhoffer
  Lewis & Garth, PLLC
201 N. Central Avenue, Ste. 3300
Phoenix, AZ 85004-1052

s/N. Stotler

_____

4